UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Robert Rudder,

Plaintiff,

vs. MINUTE ORDER

American Steamship Company,

Defendant. Civ. No. 02-471 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 17th day of January, 2003.

* * *

On January 16, 2003, the Court heard argument on the Plaintiff's Motions to Extend Expert Disclosure Deadline, to Compel Discovery, and to Strike the Defendant's Experts. At the time of the Hearing, the Plaintiff appeared by Judith A. Schornack-Smith, Esq., and the Defendant appeared by Thomas W. Emery, Esq. For reasons expressed at the close of the Hearing, and briefly reiterated below, we deny the Motion to Extend, grant the Motion to Compel, and grant the Motion to Strike.

The Plaintiff advises that, given the demands of the shipping season -- this being an Admiralty action in which many of the witnesses continue to be engaged in Great Lakes shipping -- all of the depositions, which may be necessary to inform a liability

27

JAN 17 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
mjb

expert's opinion, has not been completed. Accordingly, the Plaintiff asks that we allow his expert disclosures to be delayed until certain depositions are completed, and until Plaintiff's counsel can determine whether a liability expert should be called at the time of Trial. We decline to extend pretrial deadlines indefinitely on the off-chance that experts may be desirable at the time of Trial. This action was commenced in February of 2002, and the facts underlying the events which give rise to the Plaintiff's claim since March 2, 1999, when the Plaintiff purportedly sustained a personal injury while in the Defendant's employ. We are confident that, if the circumstances which are alleged to have caused that injury required the involvement of an expert, one would have been identified well prior to this time. The deadline for the Plaintiff to disclose such expert opinion evidence expired on November 1, 2002, and the Plaintiff offers no showing of good cause to extend that deadline indefinitely.

The Defendant advises that discovery has been provided to the Plaintiff, albeit just recently. Apparently, several items of discovery remain outstanding, and the Defendant has agreed to provide that discovery on a timely basis. As a consequence, we grant the Motion to Compel and, if the parties are unable to resolve any disputes as to the outstanding discovery, then they should jointly

advise the Court forthwith, in order that we may promptly address those matters.

Lastly, the Plaintiff moves to strike the Defendant's identification of liability and medical experts. Apparently, the Defendant has not satisfied the requirements of Rule 26(a)(2), Federal Rules of Civil Procedure, and offers no good cause for its failure to do so. As a result, the Motion to Strike is granted. We add one further comment. Counsel for the Defendant advises that he had recently sustained an emergent medical problem which required surgery, and which continues to constrain his return to work during his period of recuperation. Counsel makes no request, at this time, for relief from the Court's pretrial deadlines, but has advised that he is scheduled, immediately after the Hearing, to consult with his surgeon on the likely duration of his recovery, and the impact of that recovery on his ability to return to work. Obviously, the "good cause" requirement of Rule 16(b), Federal Rules of Civil Procedure, is satisfied by an attorney's inability to attend to his work for reasons apart from his due diligence. If a delay is prescribed by defense counsel's treating physician, we may have to reopen our consideration of the parties' respective expert disclosures.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Strike Defendant's Expert Witnesses [Docket No. 17] is GRANTED.

2. That the Plaintiff's Motion to Compel Discovery [Docket No. 20] is GRANTED.

3. That the Plaintiff's Motion to Extend Disclosure Deadline [Docket 23] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The District of Minnesota is pleased to announce the offering of a service called New Cases System (NCS) on our web site at www.mnd.uscourts.gov. The NCS lists new civil and criminal cases filed in St. Paul, Minneapolis or Duluth each day. It indicates the date assigned, case number, case name, the city in which the case was filed, and the District and Magistrate Judge assigned to the case.

The web NCS is available free of charge. The NCS may also be accessed from the public terminals located in the clerk's offices at the addresses above.